IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:06-CR-88-D
No. 4:15-CV-29-D

| | |
|---|---|
| NORMAN D. HINTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 18, 2015, Norman D. Hinton ("Hinton") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 132-month sentence [D.E. 67]. On May 22, 2015, the government moved to dismiss Hinton's section 2255 motion. See [D.E. 73]. On June 8, 2015, Hinton replied. See [D.E. 76]. As explained below, the court grants the government's motion to dismiss and dismisses Hinton's section 2255 motion.

I.

On August 18, 2008, Hinton pleaded guilty to one count of assault on a federal officer using a dangerous weapon (fist) and inflicting bodily injury in violation of 18 U.S.C. § 111(a)(1) and (b). See [D.E. 1, 50]. Hinton's offense involved him violently assaulting an Assistant Federal Public Defender in a federal courthouse after becoming upset with the sentence that Hinton's brother received in his brother's federal criminal case. See, e.g., [D.E. 58] 1–2. On November 18, 2008, the court conducted Hinton's sentencing hearing. See [D.E. 54, 57]. The court upwardly departed to an offense level of 25 and a criminal history category of VI, thereby yielding an advisory guideline range of 110 to 137 months' imprisonment. See [D.E. 58] 7–10. After considering all relevant

factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Hinton's allocution, the court sentenced Hinton to 132 months' imprisonment. See Sent. Tr. [D.E. 61] 16–39.

Hinton appealed his sentence. On December 4, 2009, the United States Court of Appeals for the Fourth Circuit affirmed Hinton's sentence. See United States v. Hinton, 355 F. App'x 695, 696–97 (4th Cir. 2009) (per curiam) (unpublished). In doing so, the Fourth Circuit rejected Hinton's arguments concerning the propriety of the upward departure, the procedural reasonableness of his sentence, and the substantive reasonableness of his sentence. See id. Hinton did not seek a writ of certiorari and his time to do so expired on March 4, 2010. See Clay v. United States, 537 U.S. 522, 525 (2003); S. Ct. R. 13.1.

On February 18, 2015, Hinton filed his section 2255 motion. See [D.E. 67]. Hinton alleges ineffective assistance of counsel because, according to Hinton, the statutory maximum for his offense of conviction is eight years. See id. 4.[1] Hinton also contends that he is actually innocent of his offense of conviction. See id. 11; [D.E. 76].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable

---

[1] Hinton is wrong. The statutory maximum for violating 18 U.S.C. § 111(a)(1) and (b) is 20 years' imprisonment. See 18 U.S.C. § 111(b).

2

conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

First, the government argues that Hinton's section 2255 motion is untimely. Section 2255(f) contains a one-year statute of limitations for petitions for collateral review. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); Johnson v. United States, 544 U.S. 295, 299–30 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

As for section 2255(f)(1), Hinton filed his section 2255 motion on February 18, 2015, almost five years after his judgment of conviction became final. Thus, Hinton's section 2255 motion is untimely under 28 U.S.C. § 2255(f)(1). See, e.g., United States v. Mathur, 685 F.3d 396, 397–98 (4th Cir. 2012). Moreover, Hinton does not argue, and nothing in the record suggests, that his

3

motion is timely under section 2255(f)(2), (3), or (4).

As for equitable tolling, section 2255(f) is subject to equitable tolling, but nothing in the record suggests that equitable tolling applies. See Holland v. Florida, 560 U.S. 631, 649–54 (2010); Whiteside, 775 F.3d at 184–86; Rouse v. Lee, 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quotation omitted); see Holland, 560 U.S. at 649–54. Hinton has not plausibly alleged such extraordinary circumstances. See, e.g., Holland, 560 U.S. at 649–54; Whiteside, 775 F.3d at 184–86; United States v. Sawyer, 552 F. App'x 230, 232 (4th Cir. 2014) (per curiam) (unpublished). Accordingly, the court grants the government's motion to dismiss Hinton's section 2255 motion as untimely.

Finally, although Hinton contends that he is actually innocent of his offense of conviction, the allegation is not plausible in light of the Rule 11 proceeding, the statute of conviction, and the record. Thus, the court rejects the claim. See, e.g., Iqbal, 556 U.S. at 677–78; Bousley v. United States, 523 U.S. 614, 622–24 (1998); Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999).

After reviewing Hinton's motion, the court determines that reasonable jurists would not find the court's treatment of Hinton's motion debatable or wrong, and that it does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 73], DISMISSES Hinton's section 2255 motion [D.E. 67], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 23 day of June 2015.

*/s/ James C. Dever*
JAMES C. DEVER III
Chief United States District Judge